IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent,

v.                                  No. 95-CR-650-MV
                                    No. 11-CV-308-MV-ACT

FILIBERTO RUIZ-ROMERO,

    Movant.

## FILIBERTO RUIZ-ROMERO'S
## OBJECTIONS TO MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Filiberto Ruiz-Romero, by and through counsel of record, Scott M. Davidson, pursuant to 28 U.S.C. § 636(b)(1)(C), hereby respectfully objects to the United States Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 7. Contrary to the recommendation of the Magistrate Judge, this Court has jurisdiction over this case, either under 28 U.S.C. § 2255 or 28 U.S.C. § 1651. Regardless of which statute is applied, Mr. Ruiz has shown he is entitled to an evidentiary hearing and/or relief from a criminal conviction obtained in violation of the Sixth Amendment guarantee of the right to the effective assistance of counsel. *See* Docs. 1 (motion) and 6 (reply).

Without holding an evidentiary hearing, or any hearing at all, the Magistrate Judge has recommended that this Court summarily deny Mr. Ruiz's motion pursuant

1

to 28 U.S.C. § 2255. Doc. 7 at 1. The Magistrate Judge stated that "the pleadings and the record establishes conclusively that the Petitioner is not entitled to relief." *Id.* Respectfully, Mr. Ruiz contends that this is incorrect.

The Magistrate Judge stated that Mr. Ruiz did not cite any support for the proposition that *Padilla v. Kentucky*, 130 S. Ct. 1473, 1481 (March 31, 2010), changed the application of the statutory requirement that a movant under Section 2255 be "in custody" where the movant faces deportation as a result of the conviction under collateral attack in the motion. Doc 7 at 3, ¶ 8. This is incorrect. In Mr. Ruiz's reply, he cited and quoted from the Supreme Court's opinion in *Padilla*, including the following:

> Our law has enmeshed criminal convictions and the penalty of deportation for nearly a century. And, importantly, recent changes in our immigration law have made removal nearly an automatic result for a broad class of noncitizen offenders. Thus, we find it most difficult to divorce the penalty from the conviction in the deportation context. Moreover, we are quite confident that noncitizen defendants facing a risk of deportation for a particular offense find it even more difficult. *See* **St. Cyr**, 533 U.S. [289, 322 (2001)] ("There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions.").

*Padilla*, 130 S. Ct. at 1481-82 (internal citations and quotation marks omitted). Furthermore, Mr. Ruiz noted that the Government's contention that he did not meet the "in custody" requirement rested on a case, *Maleng v. Cook*, 490 U.S. 488 (1989)

(per curiam), that held to the now-abandoned notion that immigration consequences of a criminal conviction are merely collateral. Doc. 6 at 1-2. Mr. Ruiz argued that the tenets underlying the Government's contention were necessarily called into question by the logic of the Supreme Court's rationale and holding in *Padilla*. Doc. 6 at 1-2. He continues to maintain that in light of the fact that criminal convictions and the penalty of deportation are enmeshed in our law as recently recognized by the Supreme Court, *see* *Padilla*, 130 S. Ct. at 1481-82, and the fact that Mr. Ruiz faces adverse consequences, including a longer sentence and deportation, as a result of the 1996 conviction under attack in this Section 2255 motion, it would elevate form over substance to regard him as not being "in custody" for purposes of this Court's authority to grant him relief under Section 2255.

Under the logic of *Padilla*, the "in custody" requirement is met whenever a Section 2255 petitioner faces adverse criminal and/or immigration consequences deportation as a result of the conviction that is the subject of the Section 2255 motion. To read the "in custody" requirement to exclude such petitioners would run counter to the rationale of *Padilla*.

The Magistrate Judge cited a federal district court opinion from the Eastern District of California for the proposition that because Mr. Padilla was in custody, *Padilla* did not address the "in custody" requirement. Doc. 7 at 3, ¶ 9. The

Magistrate Judge has misunderstood Mr. Ruiz's contention. The fact that *Padilla* did not specifically address the "in custody" requirement does not undermine Mr. Ruiz's argument, for his contention is not that *Padilla* specifically or expressly addressed the issue in this case. Instead, Mr. Ruiz contends that the logic of the decision in *Padilla* implicitly changes the application of the "in custody" requirement where, as here, the movant faces adverse immigration consequences as a result of the conviction that is the subject of the Section 2255 motion.

The Magistrate Judge also cited an unpublished decision from the Northern District of California ruling that a Section 2254 petitioner who has completed his sentence is not helped by *Padilla*. Doc. 7 at 3-4, ¶ 11 (citing *Mendoza v. Lynn*, 2010 WL 2267530 (N.D. Cal. June 2010)). This unpublished decision from California is not binding on this Court. Furthermore, it rests on pre-*Padilla* case law. In *Mendoza*, the court relied on *Resendiz v. Kovensky*, 416 F.3d 952, 958 (6th Cir. 2005). Not only was this Sixth Circuit opinion decided prior to *Padilla*, it stands for the proposition that one who is detained by the INS is not in custody by the state and cannot challenge a state conviction under 28 U.S.C. § 2254. *See* 416 F.3d at 958. Mr. Ruiz does not challenge a state conviction. *See* Doc. 1. Moreover, the Sixth Circuit stated that the petitioner's remedy from the state conviction would be a state-court challenge to that conviction. *See id.* at 960. Mr. Ruiz's seeking relief from his federal conviction in

4

federal court is an avenue that is analogous to that suggested by the Sixth Circuit statements in *Resendiz*.

Nothing in *Mendoza* addresses Mr. Ruiz's contention that due to the adverse consequences he now faces as a result of the conviction under attack, and in light of the Supreme Court's recognition that immigration consequences are an integral part of a criminal conviction, he meets the "in custody" requirement under Section 2255. But Mr. Ruiz's request for relief does not depend solely on the application of Section 2255; as discussed below, he may be granted relief under Section 1651.

The Magistrate Judge stated that Mr. Ruiz is not entitled to relief under the All Writs Act, 28 U.S.C. § 1651, due to the Magistrate Judge's belief that Mr. Ruiz failed to meet the due diligence requirement. Doc. 7 at 4, ¶ 11-13. The Magistrate Judge stated that Mr. Ruiz-Romero has been aware since 1997 that "his criminal conviction subjected him to deportation," Doc. 7 at 5, ¶ 13, and that due to the fact that Mr. Ruiz "was removed in 2000, it has been over a decade since his first deportation." *Id.* On this basis, the Magistrate Judge stated, "[t]he record does not demonstrate any reason for the delay in bringing his petition nor does the Petitioner offer a reason for the delay." *Id.* The Magistrate Judge is incorrect.

Mr. Ruiz's requested relief is not based on merely the awareness that deportation was a consequence of his criminal conviction; instead, it is based on the

5

recognition that non-citizens have a Sixth Amendment right to advice of counsel as to the immigration consequences of a criminal conviction prior to pleading guilty if a conviction of an offense would bring adverse immigration consequences, such as deportation. And this was not recognized in 1997 or 2000; in fact it was not recognized by the Supreme Court until March 31, 2010. Consequently, neither of the cases cited by the Magistrate Judge on page 5, paragraph 13, apply to Mr. Ruiz's case. *See* Doc. 7 at 5, ¶ 13.

On March 31, 2011, exactly one year after the Supreme Court's recognition that the Sixth Amendment right to counsel includes the right to advice regarding immigration consequences of a criminal conviction, Mr. Ruiz brought this motion. By bringing this motion seeking relief only twelve months after the Supreme Court's articulation of the right under which his motion was brought, Mr. Ruiz did not engage in sandbagging or undue delay. On the contrary, he brought a timely motion.

As this Court considers Mr. Ruiz's diligence in bringing this motion, it is noteworthy that his motion is in fact timely under Section 2255, because it was brought within one year of the recognition by the Supreme Court of the right that forms the basis for the relief sought. *See* 28 U.S.C. § 2255(f)(3) (petition is timely if filed no more than one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

6

Supreme Court and made retroactively applicable to cases on collateral review"). The fact that Mr. Ruiz's motion is timely under the strict requirements of Section 2255 is persuasive evidence of its timeliness under the All Writs Act, which has a more-open-ended and amorphous requirement of diligence. *See* Doc. 7 at 4, ¶ 12.

The Magistrate Judge stated that Mr. Ruiz did not offer any reason for the delay in bringing his motion. Doc. 7 at 5, ¶ 13. This is incorrect. Mr. Ruiz specifically addressed the issue of timeliness under Section 2255 in his motion. Doc. 1 at 22. In his reply, he also specifically addressed the issue of timeliness under Section 1651. Doc. 6 at 5.

Mr. Ruiz's motion is a timely request for relief, whether regarded as a motion under Section 2255 or Section 1651.

The Magistrate Judge notes that relief under Section 1651 is reserved only for errors of the most fundamental sort. Doc. 7 at 4, ¶ 12. This is true, *see, e.g.,* ***United States v. Morgan***, 346 U.S. 502, 512 (1954), but certainly the denial of the Sixth Amendment guarantee of the right to counsel is an error of the most fundamental character, warranting relief under Section 1651. *See, e.g.,* ***United States v. Orocio***, No. 10-1231, slip op. at 3 (3rd Cir. Jan. 24, 2011) (discussing petitioner's claim of relief from ineffective assistance of counsel via a writ of error coram nobis).

For these reasons and the reasons discussed in the motion, Doc. 1, and the reply, Doc. 6, Mr. Ruiz asks that the Court vacate his conviction for transporting an illegal alien, 8 U.S.C. § 1324(a)(1)(A)(ii), and aiding and abetting, 18 U.S.C. § 2, pursuant to Section 2255 or Section 1651.  In the alternative, Mr. Ruiz respectfully requests an evidentiary hearing at which evidence in support of this petition will be provided to the Court.

        Respectfully submitted,

        <u>Electronically filed</u>
        Scott M. Davidson
        JustAppeals.Net
        The Appellate Law Office of Scott M.
            Davidson, Ph.D., Esq.
        1011 Lomas Boulevard NW
        Albuquerque, NM 87102
        505.255.9084 (ph)
        505.213.7212 (fax)

## Certificate of Service

I, Scott M. Davidson, hereby certify that these objections were filed on July 9, 2011, through the CM/ECF system and that service on opposing counsel, Norman Cairns, AUSA, was accomplished through the CM/ECF system on this date.

        <u>Electronically filed</u>
        Scott M. Davidson